**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CASE NO. 3:12-CV-142**

CHAMPION ROOFING XV, LLC                                    PLAINTIFF

v.

KPC ENTERPRISES, LLC d/b/a                                    DEFENDANT
PREFERRED ROOFING

## OPINION

This matter comes before the Court on Plaintiff's Motion to Remand (DN 8).  Defendant

has responded (DN 10) and has filed a Motion to Stay (DN 11).  Plaintiff has replied to

Defendant's Response (DN 13) and responded to Defendant's Motion to Stay (DN 14).

Defendant has timely replied (18).  These motions are now ripe for adjudication.  For the reasons

that follow, Plaintiffs' Motion to Remand (DN 8) is GRANTED.  Because the Motion to

Remand is now granted, Defendant's Motion to Stay (DN 11) is DENIED AS MOOT.

## BACKGROUND

Plaintiff is Champion Roofing, a Kentucky LLC.  Defendant is KPC Enterprises, LLC

d/b/a Preferred Roofing, a Missouri company.  Following a hail storm in the Kansas City,

Missouri, area, Plaintiff and Defendant entered discussions about a possible independent

contractor agreement ("Agreement") whereby Defendant would refer calls requesting roofing

services to Plaintiff.  At the time of the discussion, Plaintiff alleges that Defendant indicated it

was receiving 150 requests per day and, with limited sales representatives on staff, could not

meet such a demand.

After some discussion, the parties entered into the Agreement, which included the

following clause:

> 12. This Agreement shall be governed by the laws of the Commonwealth of Kentucky and jurisdiction and venue shall be in the Jefferson Circuit Court (KY) which shall apply Kentucky law.  Both Parties waive their right if any, to file suit or remove any action to Federal Court. (DN 8-2, 3).

Subsequent to signing the Agreement, the parties became dissatisfied with the relationship. Plaintiff alleges the actual number of referrals it received was much lower than it anticipated, and thus it was not profitable to perform.

After Plaintiff did not perform, Defendant filed a lawsuit in Missouri state court, alleging breach of contract, violations of the Missouri Merchandising Practices Act, and fraudulent representation. (DN 11-1).  Plaintiff filed a motion to dismiss for lack of subject matter jurisdiction, citing the first sentence of the forum selection clause.  Defendant argued in response that "[t]he forum selection clause was not precise enough to encompass [Defendant's] tort claims, the adjudication of which do not depend upon an interpretation of the contract" (DN 13-1, 2) and advanced a number of other arguments related to Missouri's disfavor of forum selection clauses.  Without including a memorandum opinion or an explanation as to the grounds for its decision, the Missouri state court denied Plaintiff's motion to dismiss. (DN 13-1, 11).

After its motion to dismiss was denied, Plaintiff thereafter filed suit against Defendant in Jefferson Circuit Court, citing the forum selection clause as the basis for jurisdiction in that court. (DN 1-1, 1).  The Agreement was signed and performed in Missouri and Defendant is a Missouri corporation.  Plaintiff made no mention in its Complaint of grounds for personal jurisdiction over Defendant in Jefferson County, Kentucky other than the forum selection clause. Plaintiff has alleged fraud, negligent misrepresentation, breach of contract, and unjust enrichment.  (DN 1-1).

Defendant removed to federal court.  Plaintiff has now filed this Motion to Remand (DN 8).  Defendant opposes the Motion to Remand, and has also filed a Motion to Stay Proceedings (DN 11) until the lawsuit in Missouri is fully adjudicated.

## ANALYSIS

I.     **Enforceability of the Forum Selection Clause**

A.  *Choice of Law*

Generally, when determining the enforceability of a forum selection clause, a court sitting in diversity applies federal law.  *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 827-28 (6th Cir. 2009) ("[F]orum selection clauses significantly implicate federal procedural issues").  However, as Defendant points out, "when the [forum selection] clause is raised as the sole basis for personal jurisdiction over the defendant," state law applies.  *Preferred Capital, Inc. v. Sarasota Kennel Club, Inc.*, 489 F.3d 303, 305 (6th Cir. 2007); *see also Wong*, 589 F.3d at 828, n.6. Because neither side has alleged additional facts that shed light on whether a Kentucky court would have personal jurisdiction in the absence of the forum selection clause, the Court assumes a lack of contacts and will therefore apply Kentucky law.

B.  *Enforceability*

Even under Kentucky law, the Court finds that the forum selection clause is enforceable. Defendant argues that under Kentucky law, the forum selection clause is unenforceable, relying heavily on *American Adver. Distribs., Inc. v. American Coop. Adver., Inc.*, 639 S.W.2d 775 (Ky. 1982).  Defendant implies *American Advertising* held that forum selection clauses are unenforceable under Kentucky law where a claim of fraud is alleged, and asserts that allegations of fraudulent misrepresentation and fraudulent inducement alone render the forum selection clause unenforceable.

However, this argument collapses two distinct considerations: the *enforceability* of a forum selection clause and the *interpretation* of a forum selection clause. Rather than issue the blanket holding that a forum selection clause is invalid where a plaintiff alleges fraud as to the contract as a whole, the Kentucky Supreme court "ruled only that the clause involved in that case did not apply to a fraud in the inducement claim because that claim did not 'aris[e] out of' <u>the parties' written agreement</u>." *Calihan v. Power Mktg. Direct, Inc.*, 2007 WL 625125 at *3 (Ky. Ct. App. Mar. 2, 2007) (emphasis added).

Thus, where a claim of fraud is advanced regarding a contract that contains a forum selection clause, Kentucky law does not have a blanket policy of ruling that clause unenforceable. Rather, Kentucky courts treat it as a matter of contract interpretation, and look to the language of the clause in deciding whether it contemplates a fraud claim. For example, in *Louisville Peterbilt, Inc. v. Cox*, 132 S.W.3d 850 (Ky. 2004), the Kentucky Supreme Court held that an arbitration clause, a type of forum selection clause, was not invalidated by a claim that the contract in which it appeared was fraudulently induced because the arbitration provisions at issue were "substantially more thorough as to what types of disputes are within their scope." *Id.* at 856. *See also Calihan*, 2007 WL 625125 at *3 (applying a forum selection clause to a fraudulent inducement claim).

In fact, Kentucky law is very similar to federal law in that it frequently enforces forum selection clauses. *See Ky. Farm Bur. Mut. Ins. Co. v. Henshaw*, 95 S.W.3d 866, 866 (Ky. 2003) (stating the court has a "routine practice of enforcing forum selection clauses"). Under Kentucky law "forum selection clauses are prima facie valid" and "the burden rests on the movant to prove that enforcement is unreasonable." *Id.* at 867. Furthermore, the Kentucky Court of Appeals has positively cited to the federal case *Preferred Capital, Inc. v. Associates in Urology*, 453 F.3d 718

4

(6th Cir. 2006), agreeing that a fraud claim "will invalidate a choice of forum clause only if the fraud induced the forum clause itself." *Calihan*, 2007 WL 625125 at *2.

Thus, under Kentucky law, a forum selection clause will be enforced unless the party challenging the clause proves that it is unreasonable. *Henshaw* at 867; *see also Prudential Resources Corp. v. Plunkett*, 583 S.W.2d 97 (Ky. Ct. App. 1979). Defendant's only argument in this regard is the possibility of inconsistent judgments with the case pending in Missouri state court. However, while this argument addresses why Defendant believes this Court should stay the proceedings if the proceedings remain in federal court, it does not address whether the forum selection clause should fairly prevent the removal to federal court in the first place.

In conclusion, the Court does not find that it would be unreasonable to enforce the forum selection clause here, and finds no reason to stray from Kentucky state courts' routine practice of enforcing such clauses in this case.

## II.   <u>Interpretation and Applicability of the Forum Selection Clause</u>

Because it has found the forum selection clause to be enforceable, the Court must next decide if the language of the clause applies to this action, effectively barring removal. To ascertain the parties' intent, "a court must adhere to the plain meaning of the contract if it is unambiguous." *La Quinta Corp. v. Heartland Props. LLC,* 603 F.3d 327, 336 (6th Cir. 2010) (citations omitted).

The Defendant argues that, as written, the forum selection clause "has limited application to 'This Agreement,'" and thus, because Plaintiff's claims alleging fraud and negligent misrepresentation (Counts I & II of Pl.'s Compl., DN 1-1) involve wrongdoing that predates the contract, the forum selection clause does not apply to this action. However, the forum selection

clause has two parts: the first part, which purportedly mandates that Jefferson Circuit Court be used as the forum, and the second part, which waives the parties' right to removal.

The first part of the forum selection clause is arguably ambiguous. However, the first part does not address this Court's ability to adjudicate these claims, and therefore it is unnecessary to focus on its meaning in deciding this motion. The second part of the clause is worded much more broadly, and indicates that the both parties agree to waive their right "if any, to file suit or remove *any* action to Federal Court." (DN 8-2) (emphasis added). When looking at the first clause, it is unclear whether the parties intended to have all their claims litigated in Jefferson Circuit Court. However, from the plain meaning of the second part of the clause, which is worded much more broadly than the first, it is clear the parties intended to broadly waive their right to remove or file *any* action in federal court.

Because the waiver provision is intended to apply to *any* actions or claims, including this one, the only remaining question for the Court is whether the waiver effectively accomplishes that intent. While the Sixth Circuit recognizes that the right to remove may be waived, "such waiver must be clear and unequivocal." *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193 (6th Cir. 1990). In *EBI-Detroit, Inc. v. City of Detroit*, the Sixth Circuit clarified that "[a] clause that does not even mention either removal or the party seeking to remove cannot be a clear waiver of removal." 279 Fed.Appx. 340, 346-47 (6th Cir. 2008). The waiver of removal in this clause explicitly mentions both of these criteria by indicating (1) that both parties (2) waive the right to removal specifically. Thus, because it is clear and unequivocal, the waiver in question is valid.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED.  Because this action will be remanded to state court, Defendant's Motion to Stay is DISMISSED AS MOOT. An appropriate order shall issue.